IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMARA CARESSE LOWE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.<br><br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 16-4290 |

**OPINION**

**Slomsky, J.**                                                                                          **February 2, 2017**

## I.    INTRODUCTION

This case involves a dispute over ownership of real property located at 8603 Alicia Street, Philadelphia, PA 19115 (the "Property"). (Doc. No. 1 at 6.) Plaintiff Amara Caresse Lowe asserts that she is the lawful owner of the Property and brought the instant suit involving the property against Defendants the Court of Common Pleas Trial Division – Civil and the Federal National Mortgage Association ("Fannie Mae"). (Id. at 5, 6.) Defendant Fannie Mae has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which is now ripe for review.[1] (Doc. No. 4.) For all the following reasons, the Motion to Dismiss will be granted, and the case will be dismissed.

---

[1] For purposes of this Opinion, the Court has considered the Complaint (Doc. No. 1), Defendant Federal National Mortgage Association's Motion to Dismiss for Failure to State a Claim (Doc. No. 4), Plaintiff's Summary Judgment Motion (Doc. No. 5), and Defendant's Memorandum of Law in Opposition of the Motion for Summary Judgment (Doc. No. 7).

**II.   FACTUAL BACKGROUND[2]**

The Property at issue was subject to a Sheriff's sale at which Defendant Fannie Mae purchased it. (Doc. No. 4-2 at 3.) On March 31, 2016, the Sherriff's deed for the Property was recorded and shows proof that Fannie Mae owned the Property. (Doc. No. 1 at 16-19.) Plaintiff does not argue that Fannie Mae transferred its ownership of the Property to her at any point.

On August 8, 2016, Plaintiff filed the pro se Complaint against Fannie Mae and the Court of Common Pleas Trial Division.[3] (Doc. No. 1.) Plaintiff claims she is the rightful owner and has title to the Property. (Doc. No. 1 at 6; Doc. No. 5 at 8.) She seeks entry of a confessed judgment against Fannie Mae. (Doc. No. 1 at 6.) She requests the Court of Common Pleas Trial Division to rightfully transfer the Property to her. (Id.)

The Complaint states that Plaintiff executed her acknowledgement of deed over her land and real property. (Doc. No. 1 at 6.) She claims the Property is currently and unlawfully under the name "Federal National Mortgage Association." (Id.) The sole basis for her declaration is a self-executed document entitled "Acknowledgement of Deed Confessed Judgment to the Complaint" where she purports to be the owner of the Property. (Id.) Plaintiff argues that the "improper record prohibits [her] lawful ownership of the real property to be public information on [the] record . . . ." (Id. at 7.)

---

[2]   When analyzing the sufficient of pro se Complaints, courts in this Circuit must liberally construe the pleadings. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Although the factual background in the Complaint is sparse, the Court has construed Plaintiff's pleadings liberally.

[3]   At the same time, Plaintiff brought an additional three identical suits in this Court against different property owners. (See Civ. Nos. 16-4287, 16-4288, 16-4289.)

### III.     STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679).  "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

**IV.   ANALYSIS**

Plaintiff has brought this action against the Court of Common Pleas Trial Division and Fannie Mae. First, the Court will address the preliminary issue of the Court of Common Pleas as a defendant. Second, the Court will address the Motion and claims against Fannie Mae.

**A.   Court of Common Pleas Trial Division is an Improper Defendant**

Plaintiff has brought this suit naming the Court of Common Pleas as one of the defendants. (Doc. No. 1 at 5.) The Court of Common Pleas is an improper defendant in this case because the requirements of diversity jurisdiction are not satisfied and the Court of Common Pleas is protected from lawsuits under the Eleventh Amendment. All claims against the Common Pleas Court will be dismissed mea sponte.

First, Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at 1.) In order to satisfy the elements of diversity jurisdiction to proceed in federal court, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Here, Plaintiff, a Philadelphia resident, is not diverse from the Philadelphia Court of Common Pleas. Plaintiff lists her address as "4549 Hurley Street Philadelphia, PA 19120." (Doc. No. 1 at 4.) She lists the Court of Common Pleas address as "Philadelphia City

Hall, Philadelphia PA 19107." (Id. at 5.) Both Plaintiff and the Court of Common Pleas are citizens of Pennsylvania. Therefore, one of the two necessary elements for diversity jurisdiction has not been met and the case cannot proceed with the Court of Common Pleas as a defendant.

Second, the Court of Common Pleas is a state agency and is entitled to sovereign immunity from federal suit under the Eleventh Amendment. Sovereign immunity prevents a citizen from bringing a suit in federal court against his or her own state, unless the state consents to suit and thus waives its immunity. Pennhurst State Sch. V. Halderman, 465 U.S. 89, 100 (1984). The Third Circuit has held:

> The Pennsylvania constitution provides for the vesting of the Commonwealth's judicial power in a "unified judicial system" which includes all of the courts in Pennsylvania. Pa. Const. art. V, § 1. Moreover, the constitution provides that the Pennsylvania Supreme Court will exercise "general supervisory and administrative authority" over the unified judicial system. Pa. Const. art. V, §§ 1, 2, and 10. All courts and agencies of the unified judicial system, including the Philadelphia Municipal Court, are part of "Commonwealth government" and thus are state rather than local agencies. *See* Pa. Const. art. V, § 6(c); 42 Pa. Cons. Stat. Ann. § 102 (West Supp. 1999); 42 Pa. Cons. Stat. § 301 (West 1981).

Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000).

The Court of Common Pleas, as a state agency, is protected from suit under the Eleventh Amendment of the U.S. Constitution. Callahan, 207 F.3d at 672. Courts have repeatedly held that the Court of Common Pleas is an arm of the Commonwealth and entitled to sovereign immunity from federal suit. See Benn v. First Judicial Dist. Of Pa., 426 F.3d 233, 240, n.1 (3d Cir. 2005); Malarik v. Court of Common Pleas of Beaver Cty, Pennsylvania, 145 F. App'x 756, 757 (3d Cir. 2005); Reiff v. Philadelphia Cty. Court of Common Pleas, 827 F. Supp. 319, 322-

24 (E.D. Pa. 1991). Further, the Court of Common Pleas has not consented to be a party in this suit.[4]

As a result, the Court of Common Pleas is an improper defendant and all claims against this Defendant will be dismissed. Next, the Court will address Plaintiff's claims and the Motion.

### B. Plaintiff's Confession of Judgment Claim is Meritless

Plaintiff fails to meet the requirements for a confession of judgment in her favor over the Property and fails to plead facts establishing any right to the Property. Plaintiff seeks a Confession of Judgment for Possession of Real Property, which is governed by Pennsylvania Rule of Civil Procedure 2970. (Doc. No. 1) Rule 2970 refers to Rules 2950-67, which governs confessions of judgment for money. Pa. R. Civ. P. 2970. Rule 2970 states:

> [T]he procedure in an action to enter a judgment in ejectment for possession of real property by confession pursuant to an instrument, other than a residential lease executed by a natural person, authorizing such confession shall be in accordance with the rules relating to confession of judgment for money.

Id.

According to Rule 2952(a)(2), Confession of Judgment for Money, Complaint Contents:

> The complaint shall contain . . . the original or a photostatic copy of like reproduction of the instrument showing the defendant's signature; if the original is not attached, an averment that the copy attached is a true and correct reproduction of the original; if neither the original nor a reproduction can be attached, an explanation why they are not available.

Pa. R. Civ. P. 2952(a)(c).

"Historically, Pennsylvania law has recognized and permitted entry of confessed judgment pursuant to the authority of a warrant of attorney contained in a written agreement." Midwest Financial Acceptance Corp. v. Lopez, 78 A.3d 614, 623 (Pa. Super. Ct. 2013). In a

---

[4] After review of the docket in this matter, it is uncertain whether the Court of Common Pleas Trial Division – Civil Court was properly served.

contract, a confession of judgment clause "permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture." Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28, 31 (3d Cir. 1995); Southwestern Pennsylvania Regional Council, Inc. v. Gentile, 776 A.2d 276, 279 n.3 (Pa. Super. Ct. 2001). Thus, there must be a written agreement in order for an entry for a confession of judgment. Furthermore, "the authority to confess judgment cannot operate in favor of a stranger to the contract . . . ." Testa v. Lally, 55 A.2d 552, 553 (Pa. Super. Ct. 1947).

Here, Plaintiff does not argue or provide evidence that Fannie Mae, the owner of the Property, is a party to a written agreement with Plaintiff that would permit her to enter a confession of judgment in her favor in regard to the Property. Plaintiff merely has attached the following documents to her Complaint:

- Certificate of Residence
- "Notice under Rule 1973.2 of Judgment and Execution"
- "Confession of Judgment where action commenced by complaint form"
- "Acknowledgement of my acceptance of Deed Confessed Judgment"
- The Sheriff's Deed pertaining to the Property

(Doc. No. 1 at 9-21.)

The only document attached to the Complaint that Fannie Mae is party to is the Sheriff's Deed for the Property. (Id. at 16-21.) Plaintiff is not a party to the Sheriff's Deed at all. This Deed is not a contract between Plaintiff and Fannie Mae. (See id.) Plaintiff also does not attach to the Complaint any "an instrument showing the defendant's signature" that would allow a confession of judgment in her favor. Pa. R. Civ. P. 2952(a)(2). For these reasons, she has not

7

satisfied the requirements of Rule 2952(a)(2). In fact, the Sheriff's Deed is evidence of Fannie Mae's ownership over the Property rather than Plaintiff's right to an entry of a confession of judgment.

In addition, the Acknowledgement of Deed Confessed Judgment attached is not executed by Fannie Mae or signed by Fannie Mae. (Id. at 13-14.) Plaintiff merely proclaims her ownership over the land and signed the Acknowledgement herself. (Id.)

In sum, Plaintiff's claim against Fannie Mae for a Confession of Judgment for Possession of Real Property is meritless. Fannie Mae was not a party to any written agreement that authorizes the entry of a confession of judgment in favor of Plaintiff. The Complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face, and therefore will be dismissed.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendant Federal National Mortgage Association's Motion to Dismiss (Doc. No. 4). Additionally, all claims against Defendant Court of Common Pleas Trial Division – Civil will be dismissed. An appropriate order follows.